UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-288-FL

| | |
|---|---|
| MARY ANN COLLINS and CATHLEEN BRYANT, ) ) ) Plaintiffs, ) ) v. ) ) ) FIRST FINANCIAL SERVICES, INC.; ) GATEWAY FUNDING DIVERSIFIED ) MORTGAGE SERVICES, L.P.; GEORGIA ) BANKING COMPANY; PHH ) MORTGAGE; KYLE DILLON SMITH; ) JENNIFER SANFORD PUGLIESE; ) SHAWN MARIE CARNI; SANDRA S. ) FADEL; ELIZABETH WEBSTER; JULIE ) PATEL; FREDDIE MAC; DONALD N. ) LANDGRAFF, ) ) Defendants. ) | ORDER |

This matter is before the court on plaintiffs' motion for extension of time to file response (DE 47), and upon the court's review of motions to dismiss (DE 31, 36, 52, 55) and plaintiff's motion for leave to file second amended complaint (DE 48), which the court has reviewed preliminarily pursuant to Federal Rule of Civil Procedure 1.

**STATEMENT OF THE CASE**

Plaintiffs proceeding pro se filed an original complaint in this action on December 12, 2014, and a first amended complaint on February 13, 2015, asserting claims arising out of an alleged

mortgage lending scheme involving defendants, related to plaintiffs' purchase of a home. Plaintiffs assert the following claims in their first amended complaint:

(1) Violation of North Carolina Good Funds Settlement Act, N.C. Gen. Stat. Chapter 45A ("Count I");

(2) Violation of North Carolina Uniform Commercial Code, N.C. Gen. Stat. Chapter 25 Article 3 ("Count II");

(3) Violation of North Carolina Mortgage Debt Collection and Servicing Act, N.C. Gen. Stat. § 45-90 et seq. ("Count III");

(4) Violation of North Carolina S.A.F.E. Act, N.C. Gen. Stat. § 53 Article 19B ("Count IV");

(5) Negligence ("Count V");

(6) Gross negligence ("Count VI");

(7) Fraud ("Count VII");

(8) Constructive fraud ("Count VIII");

(9) Unfair and deceptive trade practices, under N.C. Gen. Stat. § 75-1.1 ("Count IX");

(10) Breach of contract ("Count X");

(11) Unjust enrichment ("Count XI");

(12) Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("Count XII");

(13) Violation of North Carolina Collection Agency Act, N.C. Gen. Stat. Chapter 58, Article 70 ("Count XIII");

(14) Violation of North Carolina Debt Collection Act, N.C. Gen Stat. Chapter 75, Article 2 ("Count IX [sic]");

(15) Violation of Real Estate Settlement Procedures Act, Title 12 Chapter 27 & 24 C.F.R. 3500 et seq. ("Count X [sic]");

2

(16) Violation of Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("Count XI [sic]");

(17) Violation of North Carolina Racketeer Influenced and Corrupt Organizations Act, N.C. Gen. Stat. Chapter 75D ("Count XII [sic]");

(18) Punitive damages ("Count XIII [sic]").

Plaintiffs seek relief including compensatory, statutory, and punitive damages; declaratory judgment that their purchase note is void or unenforceable as to plaintiffs; "attorney fees and costs"; and trial by jury. (First Am. Compl. p. 58).

On February 20, 2015, defendant Georgia Banking Company filed a motion to dismiss the original complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6) (DE 31). On February 25, 2015, defendant Georgia Banking Company filed a motion to dismiss the first amended complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6) (DE 36).

Plaintiffs and defendant Flagstar Bank entered a stipulation of dismissal of all claims against Flagstar Bank, on March 9, 2015, and, accordingly, Flagstar Bank is not included in the caption of this order.

On March 23, 2015, plaintiffs filed a motion for extension of time (DE 47) to file a response to Georgia Banking Company's motion to dismiss (DE 36). That same date, plaintiffs filed a motion for leave to file a second amended complaint, including as attachment a proposed second amended complaint. Plaintiffs state that they seek to file a second amended complaint to provide specificity to their complaint, to withdraw several claims, to correctly identify a defendant, to add facts based on recently discovered information, and to provide information in response to defendant Georgia

Banking Company's motion to dismiss. Plaintiffs attach to their memorandum in support thereof a proposed second amended complaint, and a number of additional documents.

In their proposed second amended complaint, plaintiffs again assert claims arising out of an alleged mortgage lending scheme involving defendants, related to plaintiffs' purchase of a home. Plaintiffs assert the following claims in their proposed second amended complaint:

(1) Violation of North Carolina Good Funds Settlement Act, N.C. Gen. Stat. Chapter 45A ("Count I");

(2) Violation of North Carolina Uniform Commercial Code, N.C. Gen. Stat. Chapter 25 Article 3 ("Count II");

(3) Violation of North Carolina Mortgage Debt Collection and Servicing Act, N.C. Gen. Stat. § 45-90 et seq. ("Count III");

(4) Negligence ("Count IV");

(5) Gross negligence ("Count V");

(6) Fraud ("Count VI");

(7) Constructive fraud ("Count VII");

(8) Unfair and deceptive trade practices, under N.C. Gen. Stat. § 75-1.1 ("Count VIII");

(9) Breach of contract ("Count IX");

(10) Violation of North Carolina Debt Collection Act, N.C. Gen Stat. Chapter 75, Article 2 ("Count X");

(11) Violation of Real Estate Settlement Procedures Act, Title 12 Chapter 27 & 24 C.F.R. 3500 et seq. ("Count XI");

(12) Violation of Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("Count XII");

(13) Quiet Title ("Count XIV [sic]");

(14) Punitive damages ("Count XV [sic]").

4

Plaintiffs seek relief including compensatory, statutory, and punitive damages; declaratory judgment that their purchase note is void or unenforceable; declaratory judgment quieting title in favor of plaintiffs; "reasonable attorney fees should they retain an attorney"; costs; and trial by jury. (Proposed Second Am. Compl. p. 63) (DE 49-1). Thus, plaintiffs proposed second amended complaint adds one new claim for quiet title and drops the following five claims that were present in the first amended complaint:

> Violation of North Carolina S.A.F.E. Act, N.C. Gen. Stat. § 53 Article 19B ("Count IV");
>
> Unjust enrichment ("Count XI");
>
> Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("Count XII");
>
> Violation of North Carolina Collection Agency Act, N.C. Gen. Stat. Chapter 58, Article 70 ("Count XIII");
>
> Violation of North Carolina Racketeer Influenced and Corrupt Organizations Act, N.C. Gen. Stat. Chapter 75D ("Count XII [sic]");

On the same day that plaintiffs filed their motion for leave to amend, defendant PHH Mortgage filed a motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), and for lack of standing as to plaintiff Cathleen Bryant, pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE 52). On March 30, 2015, defendant Gateway Funding Diversified Mortgage Services, L.P., filed a motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6) (DE 55).

**COURT'S DISCUSSION**

Federal Rule of Civil Procedure 15 provides that, after a pleading has been amended once, a party may amend its pleading only with the court's leave. "The court should freely give leave

5

Case 7:14-cv-00288-FL   Document 58   Filed 04/03/15   Page 5 of 7

when justice so requires." Fed. R. Civ. P. 15(a)(2).  Within the discretion of the court, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Under this standard, given the early posture of this case, where the proposed amendment deletes some claims previously asserted and attempts to clarify facts and issues that may be subject of motions to dismiss previously asserted, the court in its discretion will allow the motion to amend. Further, to promote just and efficient determination of this action, allowing the amendment at this time is preferable to awaiting response to the motion to amend, or further briefing on motions to dismiss directed at the original and first amended complaints.  Pending motions to dismiss directed at the original and first amended complaints accordingly will be dismissed as moot.  In addition, plaintiffs' motion for extension of time (DE 47) to file response to defendant Georgia Banking company's motion to dismiss accordingly will be dismissed as moot.

## CONCLUSION

Based on the foregoing, plaintiffs' motion for leave to file second amended complaint (DE 48) is GRANTED.  Plaintiffs are DIRECTED to file their proposed second amended complaint, along with exhibits thereto, within **7 days** of the date of this order. Service shall be made pursuant to Federal Rule of Civil Procedure 4.  Defendants who have previously responded shall have **21 days** after service of the second amended complaint to file an answer or otherwise respond.  Because plaintiffs have been granted leave to file a second amended complaint, the pending motions to

6

dismiss (DE 31, 36, 52, 55), and the motion for extension of time (DE 47) are DISMISSED AS MOOT.

SO ORDERED, this the 3rd day of April, 2015.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge