UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-288-FL

| | |
|---|---|
| MARY ANN COLLINS and CATHLEEN BRYANT, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | ORDER |
| FIRST FINANCIAL SERVICES, INC.; GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, L.P.; GEORGIA BANKING COMPANY; PHH MORTGAGE; KYLE DILLON SMITH; JENNIFER SANFORD PUGLIESE; SHAWN MARIE CARNI; SANDRA S. FADEL; ELIZABETH WEBSTER; JULIE PATEL; FREDDIE MAC; DONALD N. LANDGRAFF, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the court on the motion to dismiss by defendants First Financial Services, Inc. ("FFSI"), Donald M. Landgraff ("Landgraff"), Kyle Dillon Smith ("Smith"), Jennifer Sanford Pugliese ("Pugliese"), Shawn Marie Carni ("Carni"), Elizabeth Webster ("Webster"), and Sandra S. Fadel ("Fadel") (jointly, the "First Financial defendants") (DE 121). Also before the court are plaintiffs' motion for entry of default against defendant FFSI (DE 118), motion for extension of time to serve defendant Carni (DE 145), and motion to strike the affirmative defenses of the First

Financial defendants (DE 147). The motion to dismiss and motion for default have been fully briefed, and all such motions are ripe for ruling.[1]

## STATEMENT OF THE CASE

Plaintiffs proceeding pro se filed an original complaint in this action on December 12, 2014, a first amended complaint on February 13, 2015, and second amended complaint with leave of court on April 8, 2015, asserting claims arising out of an alleged mortgage lending scheme involving defendants, related to plaintiffs' purchase of a home. Plaintiffs assert the following claims in their second amended complaint:

(1) Violation of North Carolina Good Funds Settlement Act, N.C. Gen. Stat. Chapter 45A ("Count I");

(2) Violation of North Carolina Uniform Commercial Code, N.C. Gen. Stat. Chapter 25 Article 3 ("Count II");

(3) Violation of North Carolina Mortgage Debt Collection and Servicing Act, N.C. Gen. Stat. § 45-90 et seq. ("Count III");

(4) Negligence ("Count IV");

(5) Gross negligence ("Count V");

(6) Fraud ("Count VI");

(7) Constructive fraud ("Count VII");

(8) Unfair and deceptive trade practices, under N.C. Gen. Stat. § 75-1.1 ("Count VIII");

---

[1] The court addresses the motion for extension of time to serve and motion to strike without need for response, in the interest of speedy and efficient determination of this action, pursuant to Fed. R. Civ. P. 1. Also pending are motions to dismiss by the remaining defendants in this case, (DE 67, 73, 76, 80), except for defendant Julie Patel, which the court will address by separate order.

2

(9) Breach of contract ("Count IX");

(10) Violation of North Carolina Debt Collection Act, N.C. Gen. Stat. Chapter 75, Article 2 ("Count X");

(11) Violation of Real Estate Settlement Procedures Act, Title 12 Chapter 27 & 24 C.F.R. 3500 et seq. ("Count XI");

(12) Violation of Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("Count XII");

(13) Quiet Title ("Count XIV [sic]");

(14) Punitive damages ("Count XV [sic]").

Plaintiffs seek relief including compensatory, statutory, and punitive damages; declaratory judgment that their purchase note is void or unenforceable; declaratory judgment quieting title in favor of plaintiffs; "reasonable attorney fees should they retain an attorney"; costs; and trial by jury. (Proposed Second Am. Compl. p. 63) (DE 49-1). Plaintiffs' second amended complaint added one new claim for quiet title, and dropped five other claims that were present in the first amended complaint.[2]

As pertinent to the motions addressed in this order, the court entered a text order on July 29, 2015, stating as follows:

> Notices of Appearance have been filed on behalf of First Financial Services, Inc., Jennifer Sanford Pugliese, Sandra S. Fadel, Elizabeth Webster, and Donald Landgraff. (DE 41, 64). However, there is nothing appearing on the docket confirming that service has been accomplished on these defendants, none of whom are the subject of the court's order on plaintiffs' motion for extension of time to effect service. (DE 62). Plaintiffs shall file with[in] 14 days proof of service, if any, as to defendants First Financial Services, Inc., Jennifer Sanford Pugliese, Sandra S. Fadel, Elizabeth Webster, and Donald Landgraff. William W. Pollock, as an officer of this court, shall make a report to this court by the same deadline in supplement to

---

[2] Plaintiffs and defendant Flagstar Bank entered a stipulation of dismissal of all claims against Flagstar Bank, on March 9, 2015, and, accordingly, Flagstar Bank is not included in the caption of this order.

those notices he has filed, informing of his understanding as to the status of this
action against those on whose behalf he has noticed his appearance.

On August 7, 2015, plaintiffs filed proof of service as to defendants FFSI, Landgraff, and Webster. (DE 114, 115, 117). On August 27, 2015, plaintiffs filed proof of service as to defendants Smith, Fadel, and Pugliese. (DE 132, 133, 134).

Meanwhile, on August 7, 2015, plaintiffs filed the instant motion for entry of default against FFSI. On August 10, 2015, the First Financial defendants filed an answer, as well as the instant motion to dismiss for lack of proper service, and, in part, for failure to state a claim upon which relief can be granted. On August 12, 2015, the First Financial defendants filed a notice stating that they were not properly served, referencing their motion to dismiss for lack of proper service.

On October 8, 2015, plaintiffs filed the instant motion for extension of time to serve defendant Carni, as well as the instant motion to strike affirmative defenses in the answer of the First Financial defendants.

**COURT'S DISCUSSION**

A.  Motion to dismiss for improper service

A motion to dismiss pursuant to Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). Under Rule 4(m), "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

"When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict

4

compliance may not invalidate the service of process." Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. See McRae v. Rogosin Converters, Inc., 301 F. Supp. 2d 471, 474 (M.D.N.C.2004); Commercial Metals Co. v. Compania Espanola de Laminacion S.L., 749 F. Supp. 2d 438, 442–43 (E.D.Va.2010).

With respect to the individual First Financial defendants, Rule 4(e)(1) permits a plaintiff to serve individuals, as pertinent here, by "delivering a copy of the summons and of the complaint to the individual personally, [or by] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(1). In addition, a plaintiff may serve a defendant in accordance with state law, under which, for example, a plaintiff may deliver the documents to defendant's place of employment. See N.C. Gen. Stat. § 1A–1, Rule 4(j)(1)(c); see Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C.2004); Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C.1984).

In this case, plaintiffs have filed affidavits by a process server evidencing service upon each of the individual First Financial defendants, except for defendant Carni, by service at each individual's place of abode or place of employment. (DE 115, 117, 132, 133, 134). Moreover, plaintiffs have provided detailed description and documentation of additional prior attempts at service on each of the individual First Financial defendants. (DE 144 at 8-18). The First Financial defendants' brief in support of their motion to dismiss does not address the proof proffered by plaintiffs, and these defendants have not replied to the arguments raised by plaintiffs. Upon review of the record and the materials provided by the parties, the court determines that plaintiffs have met

5

their burden of showing proper service on defendants Smith, Pugliese, Webster, Landgraff, and Fadel. Moreover, where each of these defendants have actual notice of the pendency of this action, and where the First Financial defendants collectively have filed an answer including assertion of substantive affirmative defenses, dismissing on the basis of insufficient service of process is unwarranted.

With respect to defendant Carni, plaintiffs concede they have not been able to locate an address for service on defendant Carni. (DE 145 at 2). The First Financial defendants note in their brief, however, that defendant Carni received notice of the lawsuit and request for waiver of service with complaint on January 26, 2015. (DE 120 at 2). According to their brief, the package did not contain a prepaid means for returning the form, as required under Fed. R. Civ. P. 4(d)(1)(C), and defendant Carni did not return the form. (Id.). Under the circumstances of this case, where defendant Carni has actual notice of the pendency of this action, and where the First Financial defendants, including defendant Carni, collectively have filed an answer including assertion of substantive affirmative defenses, and in the interest of efficient judicial consideration of such answer and defenses, dismissing defendant Carni on the basis of insufficient service of process is unwarranted.

With respect to defendant FFSI, Rule 4(h) permits service in the manner prescribed for individuals, including in accordance with state law, or by delivery to an agent authorized by statute. Fed. R. Civ. P. 4(h)(1). Pursuant to N.C. Gen. Stat. § 55D-33, service on an entity through the North Carolina Secretary of State, when the entity's agent cannot be found at the registered office, "is effective for all purposes from and after the date of the service on the Secretary of State." Here, plaintiffs' proof of service establishes service of process on April 10, 2015, through the North

Carolina Secretary of State, after prior efforts to serve defendant FFSI through corporate agent at its registered office failed. (DE 114). Thus, plaintiffs' have established proper service as to FFSI.

In sum, for the foregoing reasons, the First Financial defendants' motion to dismiss for improper service is denied. Plaintiffs' motion to extend time to serve defendant Carni is denied as moot.

B.   Motion for entry of default

Plaintiffs move for entry of default against defendant FFSI. However, plaintiffs did not file proof of service as to defendant FFSI until August 7, 2015, and defendant FFSI filed its answer on August 10, 2015. Although failure to file proof of service does not affect the validity of service, "proof of service must be made to the court." Fed. R. Civ. P. 4(*l*). Here, where the First Financial defendants contested service, and where service through the Secretary of State was not known to defendant FFSI until the proof of service was filed on the docket, (see DE 127 at 2), only the proof of service triggered an obligation to respond in this instance. Therefore, defendant FFSI had good cause to file its answer out of time, and entry of default is not permitted under the circumstances of this case.

C.   Motion to strike affirmative defenses

Plaintiffs move to strike all the affirmative defenses asserted by the First Financial defendants in their answer, pursuant to Fed. R. Civ. P. 12(f), on the basis that the affirmative defenses are not pleaded with specificity pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and on the basis that they are redundant, immaterial, and insufficient.

7

Case 7:14-cv-00288-FL   Document 151   Filed 10/23/15   Page 7 of 10

A district court may, on motion of a party or on its own initiative, strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "A defense is insufficient if it is clearly invalid as a matter of law." Spell v. McDaniel, 591 F.Supp. 1090, 1112 (E.D.N.C.1984). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir.2001) (internal quotation omitted). Therefore, motions to strike are strictly considered, see Godfredson v. JBC Legal Group, P.C., 387 F.Supp.2d 543, 547 (E.D.N.C.2005), and the court is required to "view the pleading under attack in a light most favorable to the pleader." Racick v. Dominion Law Assocs., 270 F.R.D. 228, 232 (E.D.N.C.2010). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Waste Mgmt., 252 F.3d at 347 (internal quotation omitted).

The Fourth Circuit has not addressed the issue of whether the Twombly/Iqbal standard applies to affirmative defenses. This court, however, previously has rejected arguments nearly-identical to plaintiffs' argument. See, e.g., Snow v. Global Credit & Collection Corp., No. 5:13-CV-721-FL, 2014 WL 5781439, at *1 (E.D.N.C. Nov. 6, 2014); Coach, Inc. v. Sun Super Market, Inc., No. 5:13–CV–679, 2014 WL 545948 (E.D.N.C. Feb. 10, 2014); Aguilar–Gamas v. Scott Farms, Inc., No. 5:13–CV–447–FL, U.S. Dist. LEXIS 20928 (E.D.N.C. Jan. 6, 2014). The court adheres to the reasoning of such prior decisions, that this standard does not apply in this instance. In reviewing the affirmative defenses, the court is satisfied that they sufficiently comport with the Rule 8(b) and 8(c) requirements. Additional factual allegations at this stage are not necessary. Furthermore, the court has reviewed the affirmative defenses asserted and plaintiffs'

8

arguments in support of the motion to strike, and the court finds that none of the defenses are "clearly invalid as a matter of law," Spell, 591 F.Supp. at 1112, nor "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

Accordingly, plaintiffs' motion to strike affirmative defenses is denied.

D.  Motion to dismiss, in part, for failure to state a claim

The First Financial defendants move to dismiss claims asserted by plaintiff Cathleen Bryant on the basis that she does not allege any injury, and thus does not have standing to bring suit. Plaintiffs respond that plaintiff Cathleen Bryant has asserted solely a claim for quiet title as an owner of the subject property. Both parties reference extensive discussion of the claim for quiet title in the briefing on the other corporate defendants' motions to dismiss. Where the court has not yet addressed the motions to dismiss of the other corporate defendants, the court holds in abeyance ruling on this aspect of the First Financial defendants' motion to dismiss, pending address of this issue in conjunction with the other motions to dismiss now pending.

E.  Status of defendant Julie Patel

Plaintiffs name defendant Julie Patel as a defendant in this case. Plaintiffs, however, have not filed proof of service as to defendant Julie Patel, and the time for service of defendant Julie Patel has passed. Therefore, pursuant to Federal Rule of Civil Procedure 4(m), the court directs plaintiffs to show cause within 21 days of the date of this order why defendant Julie Patel should not be dismissed for failure to effectuate service. Absent showing of good cause, the court may dismiss the action without prejudice against defendant Julie Patel.

9

**CONCLUSION**

Based on the foregoing, the First Financial defendants' motion to dismiss (DE 121) is DENIED IN PART and HELD IN ABEYANCE IN PART. In particular, that portion of the motion to dismiss for improper service is DENIED. That portion of the motion to dismiss, in part, for failure to state a claim is HELD IN ABEYANCE pending resolution of the remaining motions to dismiss asserted by other defendants in this action. Plaintiffs' motion for entry of default against defendant FFSI (DE 118) is DENIED. Plaintiffs' motion for extension of time to serve defendant Carni (DE 145) is DENIED AS MOOT. Plaintiffs' motion to strike affirmative defenses asserted by the First Financial defendants (DE 147) is DENIED. Finally, plaintiffs are DIRECTED to SHOW CAUSE within 21 days of the date of this order why defendant Julie Patel should not be dismissed for failure to effectuate service.

SO ORDERED, this the 23rd day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge