IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.: 7:14-cv-288-FL

| | |
|---|---|
| MARY ANN COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST FINANCIAL SERVICES, INC., | ) |
| GATEWAY FUNDING DIVERSIFIED | ) |
| MORTGAGE SERVICES, L.P., DONALD N. | ) |
| LANDGRAFF, GEORGIA BANKING | ) |
| COMPANY, FREDDIE MAC, KYLE DILLON | ) |
| SMITH, JENNIFER SANFORD PUGLIESE, | ) |
| SHAWN MARIE CARNI, ELIZABETH | ) |
| WEBSTER, JULIE PATEL, SANDRA S. | ) |
| FADEL, FLAGSTAR BANK, and PHH | ) |
| MORTGAGE, | ) |
| | ) |
| Defendants. | ) |

_____

**PROTECTIVE ORDER**
_____

The parties assert that they possess information relating to the subject matter of this action that may be deemed confidential or proprietary. The parties recognize that in the course of discovery proceedings relating to this action, it may be necessary to disclose certain of the asserted confidential or proprietary information. The parties wish to ensure that such confidential and proprietary information will not be disclosed to unauthorized persons, and will not be used for any purpose other than this litigation.

The terms of this consent agreement are as follows:

1. Prior to production, the parties may designate documents or other materials containing CONFIDENTIAL INFORMATION to be protected by this Agreement. These will likely include

internal documents and materials comprising trade secrets, financial information, confidential information, private information and proprietary information as to the individual parties to this litigation, as well as business practices and procedures of the parties.

2. The following "Qualified Persons" are entitled to review and utilize documents or materials containing confidential information produced pursuant to this Agreement. Each of these "Qualified Persons" are also bound by the terms of this agreement, whether a signatory to the original Agreement or not:

   a. The party (including corporate employees) the material was provided to, attorneys for the benefit of that party, and the necessary staff actively providing support for that party regarding the present litigation;

   b. Independent expert witnesses who have been specially employed and retained to assist in this litigation and their necessary staff actively participating in matters related to this litigation; and

   c. Other witnesses who are asked to review the confidential information.

3. Confidential Information shall not be disclosed to any of the persons referred to in paragraphs 2(b) and (c) until such persons have been provided with a copy of this Agreement and have agreed in writing to be bound thereto by execution of the this Agreement. All parties shall retain any such agreements and make them available to any of the other parties upon request.

4. The CONFIDENTIAL INFORMATION identified above will be designated as such by marking the initial page at or before the time of production as "**CONFIDENTIAL.**" The parties may comply with this Order by either marking the original documents or the copies that are produced or exchanged. With respect to data disks, videos, or other tangible items, this provision may be complied with by labeling such items as **"CONFIDENTIAL.**"

5. A Qualified Person who receives CONFIDENTIAL INFORMATION shall not make the information available to persons or entities other than Qualified Persons as defined in Paragraph 2, and shall only use the information for the purposes of their own pursuit or defense of the present litigation.

6. Unless all parties agree on the record at the time a deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until fourteen (14) days after the receipt of the deposition transcript, at which time such agreement expires. Any party may deem a portion or all of a deposition transcript to be confidential within fourteen (14) days of the receipt of the deposition transcript.

7. The designation of any material, document, transcript, or portion thereof as Confidential Information is subject to challenge by any party. The parties shall first make good faith efforts to resolve any such challenges by consent. Any remaining disagreements shall be resolved by motion practice. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of Agreement.

8. Nothing in this Agreement shall be construed to affect the use of any document, material, or information at any trial, hearing, or motion before the court. A party that intends to present or that anticipates that another party may present Confidential Information in a motion, hearing, or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. Within sixty (60) days after the conclusion of this litigation, any party may request the return of any documents containing CONFIDENTIAL INFORMATION to the producing party and consistent with any rules promulgated by the North Carolina State Bar regarding attorneys'

maintenance of client files.  The party requesting the return of documents shall bear all expense for this.

10. It is the express intent of the parties that CONFIDENTIAL INFORMATION produced consistent with this Agreement shall be only used by the receiving party only in this litigation and shall not be used in connection with any other litigation, claim, or potential claim.

11. The terms of this Agreement shall continue to bind the parties after the conclusion of this litigation.

This the 7th day of February, 2017.

_____
LOUISE W. FLANAGAN
U.S. DISTRICT COURT JUDGE

4
Case 7:14-cv-00288-FL   Document 184   Filed 02/07/17   Page 4 of 4