IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-288-FL

| | | |
|---|---|---|
| MARY ANN COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FIRST FINANCIAL SERVICES, INC.; | ) | |
| GATEWAY FUNDING DIVERSIFIED | ) | |
| MORTGAGE SERVICES, L.P.; PHH | ) | |
| MORTGAGE; KYLE DILLON SMITH; | ) | |
| JENNIFER SANFORD PUGLIESE; | ) | |
| SHAWN MARIE CARNI; SANDRA S. | ) | |
| FADEL; ELIZABETH WEBSTER; | ) | |
| DONALD N. LANDGRAFF; FEDERAL | ) | |
| HOME LOAN MORTGAGE | ) | |
| CORPORATION; | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on motions for sanctions filed by defendant First Financial

Services, Inc. ("FFSI") (DE 187); defendants PHH Mortgage ("PHH") and Freddie Mac (DE 189);

and defendant Gateway Funding Diversified Mortgage Services, L.P. ("Gateway") (DE 191).

Plaintiff untimely filed a response regarding the motions. In this posture, the issues raised are ripe

for ruling. For the following reasons, the instant motions are granted in part as set forth herein.

## STATEMENT OF THE CASE

Plaintiff and former plaintiff Cathleen Bryant filed an original complaint in this action on

December 12, 2014, a first amended complaint on February 13, 2015, and second amended

---

[1] The court constructively has amended the caption of this order to reflect dismissal of former plaintiff and former defendants terminated by prior orders.

complaint with leave of court on April 8, 2015, asserting claims arising out of an alleged mortgage lending scheme involving defendants, related to plaintiff Collins's purchase of a home.

Plaintiff asserted claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, 2607; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; the North Carolina Good Funds Settlement Act, N.C. Gen. Stat. Chapter 45A; the North Carolina Uniform Commercial Code, N.C. Gen. Stat. Chapter 25 Article 3; the North Carolina Mortgage Debt Collection and Servicing Act, N.C. Gen. Stat. § 45-90 et seq.; the North Carolina Debt Collection Act, N.C. Gen. Stat. Chapter 75, Article 2; the Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1; as well as state common law claims for negligence, gross negligence, fraud, constructive fraud, breach of contract, and quiet title. Plaintiff sought relief including compensatory, statutory, and punitive damages, as well as declaratory judgment that the purchase note is void or unenforceable, and declaratory judgment quieting title; costs; and trial by jury.

In April and May, 2015, PHH, Freddie Mac, Gateway, as well as former defendant Georgia Banking Company ("GBC"), filed motions to dismiss all claims against them in their entirety.[2] Meanwhile, on August 10, 2015, defendant FFSI and individual defendants, who are affiliated with FFSI (collectively, the "FFSI defendants"), filed an answer, as well as a motion to dismiss for lack of proper service, and, in part, for failure to state a claim upon which relief can be granted. On October 23, 2015, the court denied that part of the FFSI defendants' motion to dismiss for improper service, and held in abeyance that remaining part of the motion to dismiss, pertaining to former plaintiff Bryant. The court also directed plaintiff and former plaintiff Bryant to show cause why former defendant Julie Patel should not be dismissed for failure to effectuate service.

---

[2] Plaintiff, former plaintiff Bryant, and defendant Flagstar Bank entered a stipulation of dismissal of all claims against Flagstar Bank, on March 9, 2015.

On February 10, 2016, the court granted former defendant GBC's motion to dismiss, and dismissed all claims against former defendant GBC. The court granted in part and denied in part defendant PHH's motion to dismiss, and dismissed all claims against defendant PHH except the following asserted by plaintiff Collins:

a. RESPA ("Count XI")

b. UCC ("Count II")

c. Mortgage Debt Collection and Servicing Act ("Count III")

d. Breach of contract ("Count IX")

The court granted in part and denied in part defendant Freddie Mac's motion to dismiss, dismissing all claims except plaintiff Collins's quiet title claim ("Count XIV") against defendant Freddie Mac. The court denied defendant Gateway's motion to dismiss and allowed plaintiff Collins's claims against defendant Gateway to proceed premised only on liability on the part of defendant FFSI, in accordance with the limitations set forth therein. The portion of the FFSI defendants' motion to dismiss previously held in abeyance was granted and former plaintiff Bryant was dismissed for lack of standing, while claims brought by plaintiff Collins against the FFSI defendants remain. Defendant Julie Patel was dismissed for failure to effectuate service.

In case management order entered March 25, 2016, the court directed the parties except for defendant Gateway to exchange by April 1, 2016, the information required by Federal Rule of Civil Procedure 26(a)(1). The court directed that proceedings with respect to liability of defendant Gateway shall commence only after a determination of liability as to defendant FFSI, as anticipated in the court's February 10, 2016, order, with defendant Gateway reserving its right to participate in discovery and motions practice. The court directed that all discovery shall be commenced or served

in time to be completed by November 16, 2016. The court stated that each defendant Gateway, PHH, and Freddie Mac may serve up to 25 interrogatories to plaintiff, and that responses are due 30 days after service of those interrogatories.

On September 19, 2016, granting motion to compel by defendant FFSI, the court ordered plaintiff to make initial disclosures and responses to FFSI interrogatories within 21 days from the date of the order. The court also ordered plaintiff to pay all costs and reasonable attorneys' fees incurred by defendant FFSI in bringing the motion to compel.

Per defendant FFSI's motion for sanctions filed October 31, 2016, plaintiff failed to comply with the court's September 19, 2016, order. Defendant FFSI sought in such motion dismissal of the action with prejudice due to plaintiff's failure to comply with the court's order. On November 23, 2016, the court held in abeyance address of defendant FFSI's motion for sanctions. Noting plaintiff's prior diligence in the case, the court upon review of its prior September 19, 2016, order, amended the order to dispense with requirement for plaintiff to pay all costs and reasonable attorneys' fees incurred by defendant FFSI in bringing the motion to compel.

The court directed other remaining defendants to file a status report concerning discovery completed. In addition, the court referred the matter to pro bono panel for its consideration. The court directed service of its order by United States Marshals. Finally, the court stayed the case, except to require that plaintiff file response within 10 days of service showing cause why she has not responded to the discovery requests of defendant FFSI.

Defendant Gateway filed a status report on November 28, 2016, stating that no discovery had been sought from plaintiff, given the court's bifurcation orders. Defendants PHH and Freddie Mac filed a status report on December 2, 2016, stating that plaintiff has not sought any discovery, but

suggesting the possibility of arranging a court appointed or hosted settlement conference, prior to engaging in further discovery planning.

Plaintiff responded to the court's order on December 19, 2016, describing medical issues preventing response to discovery, describing a preference to engage in settlement discussions prior to discovery, suggesting need for a protective order, and requesting an opportunity to engage in further discovery. Defendant FFSI, with leave, filed a reply addressing its perspective of communications with plaintiff. On January 6, 2017, the court entered the following text order:

> TEXT ORDER - This matter is before the court on motion for sanctions filed by defendant First Financial Services, Inc. ("FFSI") (DE 169), as well as status reports and responses to the court's November 23, 2016, show cause order (DE 172, 174, 175, 178, 179). The court notes that no response has been received from the Pro Bono Panel, and plaintiff thus continues to proceed in this matter pro se. Upon consideration of the aforementioned filings and the record in this case, the court DENIES the motion for sanctions, without prejudice. The court DIRECTS the parties to confer and file by January 27, 2017, a motion for protective order and proposed protective order meeting the requirements of the court's March 25, 2016, case management order. Within 21 days of the filing of the protective order, plaintiff is DIRECTED to serve initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) and responses to FFSI's first set of interrogatories and requests for production of documents. The court DIRECTS the parties to file also by January 27, 2017, a joint notice containing three alternative dates and times for setting of a court-hosted settlement conference administered by a United States Magistrate Judge, on or after February 21, 2017. Upon consideration of the parties' notice, the court will enter such further order as is warranted.

Upon the parties' motion, the court entered protective order February 7, 2017, and on that same date the court referred the matter to Magistrate Judge James E. Gates for his facilitation of court-hosted settlement conference, with deference to the parties' proposed dates of April 19, 20, and 26, 2017, on a date and at a time of his convenience. On March 1, 2017, the magistrate judge set scheduling conference for April 19, 2017.

On March 13, 2017, defendant FFSI filed its instant motion for sanctions, noting that plaintiff had not at that date served initial disclosures and responses to defendant FFSI's first discovery requests. As relief, defendant FFSI seeks dismissal of the complaint against the FFSI defendants, and it seeks an order directing plaintiff to pay additional monetary sanctions as well as all costs and reasonable attorney fees incurred by defendant FFSI in bringing the motion.

On March 23, 2017, defendants Freddie Mac and PHH filed their instant motion for sanctions, on grounds that plaintiff failed to serve initial disclosures and responses to defendant FFSI's discovery requests. As relief, defendants Freddie Mac and PHH seek dismissal of the action in its entirety or, in the alternative, they seek to compel plaintiff's disclosures well in advance of court hosted settlement conference. Defendants Freddie Mac and PHH also seek all costs and reasonable attorneys' fees incurred by them in bringing the motion.

On April 12, 2017, defendant Gateway filed its instant motion for sanctions, on grounds that plaintiff failed to serve initial disclosures and responses to defendant FFSI's discovery requests. As relief, defendant Gateway seeks dismissal of the action in its entirety.

Plaintiff did not respond to any of the motions for sanctions during the time period allowed for response. In the meantime, defendants filed a joint motion to continue settlement conference pending resolution of the motions for sanctions, or, in the alternative, to allow defendants to appear by counsel. Defendant Freddie Mac filed further motion to excuse attendance by corporate officer. On April 13, 2017, the court continued the court-hosted settlement conference pending the court's resolution of the instant motions for sanctions, with other requests denied as moot.

On May 12, 2017, plaintiff filed a document captioned "reply," which is accompanied by copies of her "written response for the discovery request that [she] received last year." (DE 196).

## COURT'S DISCUSSION

Federal Rule of Civil Procedure 37 provides for sanctions against a party in a pending action "for not obeying a discovery order." In particular, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," which "may include the following:"

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose under Federal Rule of Civil Procedure 37." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). "Specifically, the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of

non-compliance, and (4) whether less drastic sanctions would have been effective." Id. (quotations omitted). Imposition of sanctions is in the discretion of the district court. Id. Nevertheless, before imposing a sanction of default judgment or dismissal, the court must "warn[] . . . in no uncertain terms . . . that failure to comply with the court's order [will] result in" such sanction. Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998); see Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir.1995); Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

As an initial matter, defendants have raised a valid basis for sanctions. Plaintiff has not complied with the court's January 6, 2017, order to serve initial disclosures and responses to defendant FFSI's first discovery requests on or before February 28, 2017, which was twenty-one days after entry of protective order. With respect to what sanctions to impose, the sanction of dismissal is not available because the court has not yet warned plaintiff in no uncertain terms that failure to comply with such order will result in dismissal. While defendants suggest that the court implied as much by denying without prejudice prior motion for sanctions by defendant FFSI, warning by implication is insufficient under the applicable law. See Anderson, 155 F.3d at 504.

Accordingly, the court turns to consideration of other sanctions, through application of applicable factors. With respect to bad faith, the court finds that plaintiff acted in bad faith by not serving initial disclosures and discovery responses as ordered to do so by February 28, 2017. This finding is supported by the fact that the court provided plaintiff a second opportunity to do so after she responded to the court's first order to compel, entered September 19, 2016. Bad faith also is demonstrated by the fact that plaintiff did not file any explanation for delay or request for exception to the court's order during time period before February 28, 2017, or even during the time period for

8

response to the motions for sanctions.  Plaintiff's only explanation provided was in filing made May 12, 2017, captioned "reply," which filing does not provide any substantial justification for either the delay in response or the failure to serve disclosures and discovery as required by the court's order.

While plaintiff expresses confusion as to whether she needed to bring discovery responses to the court-hosted settlement conference, the court's order compelling discovery included no qualifications for provision of disclosure and discovery responses by 21 days after entry of protective order.  Likewise, while plaintiff expresses difficulty gathering documents, requiring assistance of various family members in the process, this serves as no substantial justification for complete failure to make timely disclosures or responses, much less any response or extension request within the period provided by the court's order.  In sum, plaintiff's failure to provide discovery responses is in bad faith and not substantially justified.

With respect to prejudice, the failure to timely provide discovery responses has prejudiced defendants in their inability to evaluate settlement prospects and inability to otherwise prepare their defense.  Although this prejudice is not absolute, because the court may in its discretion extend case deadlines if justified, defendants have demonstrated prejudice at least in terms of incurring costs and reasonable fees occasioned by the need for filing motions for sanctions and the delay and lack of discovery provided by plaintiff.

With respect to deterrence, significant sanctions are required to ensure that court's orders are treated with the respect to which they are due.  Prior orders by this court, which have provided plaintiff ample opportunity to proceed with adjudication of this matter, have not provided sufficient deterrence for the disregard of the court's order and rules of procedure at issue with the instant

motions. Therefore, significant present sanctions and warning of additional future sanction of dismissal is required.

In light of the foregoing, as a sanction for failure to comply with the court's January 6, 2017, order, the court ORDERS plaintiff to pay costs and reasonable attorneys' fees incurred by defendants in filing the instant motions for sanctions, in accordance with Federal Rule of Civil Procedure 37(b)(2)(C). In imposing such sanctions, the court finds that plaintiff's failure to comply with the court's January 6, 2017, order was not substantially justified and there are no other circumstances that make an award of expenses unjust. Defendants are DIRECTED to file within **21 days** from the date of this order a declaration of costs and reasonable attorneys' fees incurred in connection with filing the instant motions for sanctions. Thereupon the court will enter such further order confirming the amount of costs and reasonable attorneys' fees payable by plaintiff, as well as a date certain for payment of such costs and reasonable attorneys' fees.

In addition, pursuant to Federal Rule of Civil Procedure 37(b)(2)(iv), the court STAYS all case activities in this matter, and DIRECTS that the clerk close the case for administrative purposes, pending payment by plaintiff of such costs and reasonable attorneys' fees or such further order of this court as may be warranted lifting the stay. Defendants are DIRECTED to file a joint notice confirming receipt of such costs and reasonable attorneys' fees, within **14 days** of their receipt of the same. In the event plaintiff does not pay costs and reasonable attorneys' fees as directed herein and in such further order of the court, the court hereby provides NOTICE to plaintiff that the court as further sanction will dismiss the action, without prejudice, for failure to comply with the court's order.

In the event plaintiff pays costs and reasonable attorneys' fees as directed, the court will enter such further order again directing plaintiff to serve both initial disclosures and discovery responses, or other such further order as may be warranted regarding the stay or case scheduling.

## CONCLUSION

Based on the foregoing, the instant motions for sanctions (DE 187, 189, 191) are GRANTED IN PART as set forth herein. In summary, the court ORDERS plaintiff to pay costs and reasonable attorneys' fees incurred by defendants in filing the instant motions for sanctions. Defendants are DIRECTED to file within **21 days** from the date of this order a declaration of costs and reasonable attorneys' fees incurred in connection with filing the instant motions for sanctions. In addition, the court STAYS all case activities in this matter, and DIRECTS the clerk to close the case for administrative purposes, pending further order of this court.

SO ORDERED, this the 7th day of September, 2017.


LOUISE W. FLANAGAN
United States District Judge